THE O'MARA LAW FIRM, P.C.
DAVID C. O'MARA, SBN 8599
WILLIAM M. O'MARA, SBN 00837
311 E. Liberty Street
Reno, Nevada 89501
Telephone: (775)323-1321
Facsimile: (775)323-4082
E-mail: info@omaralaw.net

GLANCY BINKOW & GOLDBERG LLP
LIONEL Z. GLANCY
MARC L. GODINO
KEVIN F. RUF
KARA M. WOLKE
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: info@glancylaw.com

*Attorneys for Plaintiffs*
*[Additional counsel on signature page]*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| MEDERICK LEE, LESLEE BYRNE, FRANCISCO ORNELAS-CARRANZA, JOJIE CLOW, NERGUI TERBISH and ROBERT WINDOLPH,<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA,<br><br>Defendant. | CASE NO.<br><br>PLAINTIFFS' COMPLAINT FOR DAMAGES:<br><br>1.  **VIOLATION OF THE FAIR LABOR STANDARDS ACT;**<br>2.  **VIOLATION OF THE NEVADA REVISED STATUES (NRS) §§608.016 & 608.018**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs MEDERICK LEE, LESLEE BYRNE, FRANCISCO ORNELAS-CARRANZA, JOJIE CLOW, NERGUI TERBISH and ROBERT WINDOLPH (collectively "Plaintiffs"), by and through their counsel, bring claims as individuals pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* (the "FLSA"), and in accordance with Nevada state wage and hour law against Defendant, its subsidiaries and affiliates, and allege, upon personal belief as to themselves and their own acts, and as for all other matters, upon information and belief, and based upon the investigation made by their counsel, as follows:

## JURISDICTION AND VENUE

1.      This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides that suits under the FLSA "may be maintained against any employer ... in any Federal or State court of competent jurisdiction."

2.      This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331.

3.      This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

4.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendant resides in and does business within this District.  In addition, a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## PARTIES

5.      Mederick Lee is a resident of Nevada and worked for Defendant as a non-exempt surgical technician during the applicable statute of limitations period.

6.      Leslee Byrne is a resident of Nevada and worked for Defendant as a non-exempt eligibility financial specialist during the applicable statute of limitations period.

7.      Francisco Ornelas-Carranza is a resident of Nevada and worked for Defendant as a non-exempt patient attendant during the applicable statute of limitations period.

8.     Jojie Clow is a resident of Nevada and worked for Defendant as a non-exempt nursing assistant during the applicable statute of limitations period.

9.     Nergui Terbish is a resident of Nevada and worked for Defendant as a non-exempt registered nurse during the applicable statute of limitations period.

10.    Robert Windolph is a resident of Nevada and worked for Defendant as a non-exempt X-ray technician during the applicable statute of limitations period.

11.    Each individual Plaintiff is or was employed by Defendant as an "employee" as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. §203(e)(1).

12.    Upon information and belief, it is alleged that at all times relevant hereto, Defendant employer, University of Medical Center of Southern Nevada (hereinafter "UMC" or "Defendant"), was and is doing business as a county hospital pursuant to NRS §450, et seq., and is domiciled within the State of Nevada, and is an employer of Plaintiffs within the meaning of 29 U.S.C. §203(d) of the FLSA.

13.    Upon information and belief, Defendant exercises direct control over the hours and wages of Plaintiffs.

## FACTUAL BACKGROUND

14.    Plaintiffs worked for Defendant as hourly-paid non-exempt employees during the statutory period

15.    Defendant managed Plaintiffs' work, including the amount of hours worked. Defendant dictated, controlled and ratified the wages and hours and all related employee compensation policies.

16.    Plaintiffs were classified by Defendant as non-exempt under the FLSA and Nevada wage laws. Defendant agreed to pay Plaintiffs an hourly rate for all time worked.

17.    Despite the agreement to pay Plaintiffs for all time worked, Defendant violated federal and state wage laws by automatically deducting 30 minutes each day for meal break times regardless of whether a bona fide 30-minute meal break was actually taken. Plaintiffs were

not able to take uninterrupted bona fide 30-minute breaks because they were on call, and required to carry a pager, and required to immediately respond to requests made by doctors and nurses to assist patients with respiratory issues. Defendant's policy (hereinafter "On-Duty Meal Policy") was uniform and applied to each individual Plaintiffs. Defendant did not maintain proper time records reflecting whether Plaintiffs took meal breaks or worked through meal breaks during the statutory period.

18.     Defendant improperly failed to pay Plaintiffs all compensation rightfully due, including but not limited to time spent working through meal breaks and overtime pay.

19.     Defendant knew, and was aware at all times, of the above mentioned violations.

20.     The conduct alleged above reduced Defendant's labor and payroll costs.

21.     Plaintiffs were subject to Defendant's uniform policies and practices and were victims of Defendant's schemes to deprive them of regular wages and overtime pay. As a result of Defendant's improper and willful failure to pay Plaintiffs in accordance with the requirements of federal and state wage and hour laws, Plaintiffs suffered lost wages and other damages.

## FIRST CAUSE OF ACTION

### Violation of the Fair Labor Standards Act

22.     Plaintiffs incorporate by reference all preceding paragraphs.

23.     Plaintiffs are informed and believe and hereon allege that Defendants are subject to the provisions of the Fair Labor Standards Act ("FLSA").

24.     Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

25.     Plaintiffs worked in excess of 40 hours per week for the Defendant, but were not properly paid overtime wages in violation of the FLSA.

26.     Through its actions, policies and practices, Defendant violated the FLSA by regularly and repeatedly failing to compensate Plaintiffs for all actual overtime worked.

4

27.     Defendant also willfully failed to pay wages, overtime pay and other benefits to Plaintiffs and others by failing to keep accurate time records to avoid paying them overtime wages and benefits.

28.     The foregoing actions of Defendant violated the FLSA.

29.     Defendant's actions were willful and not in good faith.

30.     As a direct and proximate cause of Defendant's unlawful conduct, Plaintiffs have suffered and will continue to suffer a loss of income and other damages.

31.     Defendant is liable to Plaintiffs for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. §216(b), as well as reasonable attorneys' fees, costs and expenses.

32.     Plaintiffs are also entitled to injunctive relief to prevent Defendant from continuing its violation of the FLSA and other appropriate injunctive relief.

## SECOND CAUSE OF ACTION

### Violation of the Nevada Revised Statues

### (NRS) §§608.016 & 608.018

33.     Plaintiffs incorporate by reference all preceding paragraphs.

34.     Nevada Revised Statute §608.016 provides "An employer shall pay to the employee wages for each hour the employee works.  An Employer shall not require an employee to work without wages during a trial or break-in period."

35.     Nevada Revised Statute §608.012 defines wages as "The amount which an employer agrees to pay an employee for the time the employee has worked, computed in proportion to time, and Commissions owed the employee."

36.     Nevada Revised Statute §608.018 provides "An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate less than 1 1/2 times the minimum rate prescribed pursuant to NRS §608.250 works:

      a.     More than 40 hours in any scheduled week of work; or

      b.     More than 8 hours in any workday unless by mutual agreement the employee

works a scheduled 10 hours per day for 4 calendar days within any scheduled week of work.

37.    Plaintiffs and Defendant entered into an agreement to pay Plaintiffs as non-exempt employees for all the time they worked, including overtime, as required by the NRS.

38.    Defendant violated the NRS by regularly and repeatedly failing to properly compensate Plaintiffs for the actual time they worked each week.

39.    Defendant violated the NRS by failing to pay overtime pay and other benefits to Plaintiffs.

40.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs have suffered and will continue to suffer lost wages and other damages.

41.    Plaintiffs are also entitled to injunctive relief to prevent Defendant from continuing its violation of these statutory provisions and other appropriate injunctive relief.

## PRAYER FOR RELIEF

42.    WHEREFORE, Plaintiffs Mederick Lee, Leslee Byrne, Francisco Ornelas-Carranza, Jojie Clow, Nergui Terbish, and Robert Windolph, by and through their attorneys demand judgment against the Defendant and in favor of the Plaintiffs, for a sum that will properly, adequately and completely compensate Plaintiffs for the nature, extent and duration of their damages, the costs of this action and as follows:

    A.    Declare and find that the Defendant committed one or more of the following acts:

        i.    Violated provisions of the FLSA by failing to pay regular wages, overtime wages and other benefits to Plaintiffs;

        ii.    Willfully violated provisions of the FLSA; and

        iii.    Violated provisions of the Nevada Revised Statutes §608 *et seq.,* by failing to pay regular and overtime wages to Plaintiffs.

    F.    Award compensatory damages, including all pay owed, in an amount according to proof;

G.  Award 2% per month interest on all overtime compensation due accruing from the date such amounts were due until it is paid;

H.  Award liquidated damages on all compensation due accruing from the date such amounts were due;

I.  Award all costs and reasonable attorneys' fees incurred prosecuting this claim;

J.  Grant leave to amend to add claims under applicable state and federal laws;

K.  Grant leave to add additional plaintiffs by motion or any other method approved by the Court; and,

L.  For such further relief as the Court deems just and equitable.

DATED: March 3, 2014                Respectfully submitted,

                                    **THE O'MARA LAW FIRM, P.C.**

                            By:  /s/ David C. O'Mara
                                    David C. O'Mara
                                    William M. O'Mara
                                    311 E. Liberty Street
                                    Reno, Nevada 89501
                                    Telephone: (775)323-1321
                                    Facsimile:  (775)323-4082
                                    E-mail: info@omaralaw.net

                                    **GLANCY BINKOW & GOLDBERG LLP**
                                    Lionel Z. Glancy
                                    Marc L. Godino
                                    Kevin F. Ruf
                                    Kara M. Wolke
                                    1925 Century Park East, Suite 2100
                                    Los Angeles, CA 90067
                                    Telephone: (310) 201-9150
                                    Facsimile:  (310) 201-9160
                                    Email:  info@glancylaw.com

                                    **TOSTRUD LAW GROUP, P.C.**

Jon A. Tostrud
Anthony M. Carter
1925 Century Park East, Suite 2125
Los Angeles, CA. 90067
Telephone:   (310) 278-2600
Facsimile:   (310) 278-2640
Email: jtostrud@tostrudlaw.com

Attorneys for Plaintiffs