# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MEDERICK LEE, et al.,<br><br>        Plaintiff(s),<br><br>v.<br><br>UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA,<br><br>        Defendant(s). | 2:14-CV-328 JCM (CWH) |

**ORDER**

Presently before the court is defendant University Medical Center of Southern Nevada's motion to set aside clerk's entry of default. (Doc. # 10). Plaintiffs have filed a response in opposition, (doc. # 15), and defendant filed a reply, (doc. # 16).

**I.  Background**

Plaintiffs filed a complaint against defendant on March 3, 2014. (Doc. # 1). Plaintiffs properly served the defendant on March 20, 2014. (Doc. # 6). Pursuant to Federal Rule of Civil Procedure 12(a), a defendant is allotted twenty-one days to file an answer or responsive pleading.

Defendant did not file an answer or responsive pleading within twenty-one days of being served with the complaint. As a result, plaintiffs filed a motion for the entry of clerk's default. (Doc. # 7). The clerk subsequently entered default against defendant. (Doc. # 9). Six days after the entry of clerk's default, defendant filed the instant motion. (Doc. # 10).

. . .

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

Federal Rule of Civil Procedure 55(c) states, "The court may set aside an entry of default for good cause . . . ." To determine if good cause exists, the court considers: "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (internal quotations omitted). "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id.*

While the court considers the same factors prior to vacating an entry of default as it would a default judgment, the test is less stringent when a default judgment has not been entered. *See Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). Indeed, "[t]he court's discretion is especially broad where . . . it is entry of default that is being set aside, rather than a default judgment." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986).

## III. Discussion

The court will address each of the three factors in turn.

### A. Culpable Conduct

"A defendant's conduct is culpable if he has received actual or constructive notice of the filing and *intentionally* failed to answer." *Mesle*, at 615 F.3d. at 1092. "[T]o treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *Id.*

The court finds that defendant was not culpable, nor did it intentionally fail to answer. Defendant's counsel admits that due to a calendaring error, he failed to file a responsive pleading prior to the deadline. (Doc. # 10-1, p. 3). Defendant's counsel made a procedural mistake, which he sought to remedy as soon as it was discovered. The court is not inclined to punish defendant with an adverse judgment due to an error of this degree.

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

     B.     *Meritorious Defense*

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily high." *Mesle*, 615 F.3d at 1094.

Defendant has outlined numerous defenses that it intends to put forward in response to plaintiffs' complaint, including exemptions arising under the Fair Labor Standards act and Nevada law. (Doc. # 16-1). Defendant has therefore met its minimal burden of demonstrating a potentially meritorious defense.

     C.     *Prejudice*

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 700 (9th Cir. 2001). It is obvious that "merely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting [an entry of default]. For had there been no default, the plaintiff would of course have had to litigate the merits of the case, incurring the costs of doing so." *Id.*

The court finds there would be no prejudice to plaintiffs by setting aside the default. At this early stage in the proceeding, plaintiffs have incurred minimal costs and expended minimal resources. By setting aside the default, plaintiffs are merely forced to litigate the lawsuit in the way they initially intended. Finally, there is a strong policy favoring the adjudication of claims on their merits instead of procedural technicalities.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to set aside default (doc. # 10) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant file the proposed answer attached to its reply in support of the motion to set aside default (doc. # 16-1) within seven (7) days of the entry of this order.

DATED June 30, 2014.

                                                                                      */s/ James C. Mahan*
                                                      **UNITED STATES DISTRICT JUDGE**