UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MEDERICK LEE, et al., | Case No. 2:14-CV-328 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA, | |
| Defendant(s). | |

Presently before the court is a joint motion to approve settlement and dismiss this action in its entirety with prejudice. (ECF No. 111). The motion is approved and the case dismissed.

This is a Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq*) lawsuit by four individual plaintiffs against the University Medical Center of Southern Nevada (UMC). (*See* ECF No. 111 at 2). In general, plaintiffs allege that they were not paid legally mandatory overtime when they worked through their meal breaks. *Id.*

A settlement agreement for FLSA, to be fully enforceable, should be approved by either a district court or the Secretary of Labor. *Gamble v. Boyd Gaming Corp.*, No. 2:13-cv-01009, 2015 WL 4874276, at *4 (D. Nev. Aug. 13, 2015) (citing *Lynn's Food Stores, Inc. v. U.S.*, 679 F>2d 1350, 1352–53 (11th Cir. 1982). A court may approve a settlement that represents a "reasonable compromise" over issues that are "actually in dispute." *Id.*

The court looks to the totality of circumstances to determine whether the settlement is reasonable, and also considers the following five factors: (1) the plaintiffs' range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the

litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. *Wolinskky v. Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012).

Here, the parties agree that the range of the plaintiffs' total, aggregate possible recovery is between $0 and $32,360.46 in overtime wages based on the plaintiffs' rates of pay and estimated, alleged underpayments. The parties have agreed to dismiss the claims with prejudice in exchange for a lump-sum payment from UMC of $60,000. The parties agree that this settlement will allow them to avoid the burdens and expenses of litigation. In fact, they agree that "the cost of litigating this matter to conclusion will easily exceed Plaintiffs' potential recovery." (ECF No. 111 at 6). They agree that there are "serious and involved questions of law and fact in dispute, and both parties recognize the substantial risks and difficulties in successfully representing their respective positions to the court." *Id.* Further, this appears to be a good-faith, arms-length settlement, as the parties have engaged in multiple efforts at mediation and negotiation over the course of several months by their attorneys. Finally, this court sees no possibility of fraud or collusion. Therefore, the settlement agreement is approved.

Accordingly,

IT IS HEREBY ORDERED that the joint motion to approve settlement and to dismiss lawsuit with prejudice (ECF No. 111) is GRANTED.

IT IS FURTHER ORDERED that all of plaintiffs' claims and the amended complaint (ECF No. 25) are hereby DISMISSED with prejudice.

The clerk shall enter judgment accordingly and close the case.

DATED September 19, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**